OPINION
PER CURIAM.
Petitioner Manjit Singh Dhoot, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) orders denying his motions to reopen. For the following reasons, we will deny his petition.
Dhoot arrived in the United States in January 2003 and overstayed his tourist visa. The Department of Homeland Security issued him a notice to appear in February 2004 charging him with removal. Dhoot appeared before an Immigration Judge (“IJ”), conceded removability, and applied for asylum, withholding of removal, and for relief under the Convention Against Torture. The IJ found Dhoot’s asylum claims implausible and ordered him deported to India. On December 29, 2005, the BIA dismissed Dhoot’s appeal and we subsequently denied his petition for review. Dhoot v. Gonzales, 251 Fed.Appx. 126 (3d Cir.2007) (unpublished).
On February 22, 2008, Dhoot filed a motion to reopen with the BIA based on changed country conditions and his marriage to a U.S. citizen. In support of his motion, he submitted the 2006 and 2007 State Department Human Rights Reports for India and two affidavits which claim that police in India are actively looking for him and have harassed and beaten his father. Dhoot also submitted a copy of his marriage certificate and his wife’s permanent resident card. On May 28, 2008, the BIA denied the motion to reopen, noting that Dhoot did not show a nexus between changed country conditions and his asylum claims and that the affidavits did not state why the police were looking for him. The BIA also erroneously held that Dhoot failed to provide evidence of his marriage to a U.S. citizen. Dhoot filed a timely petition for review in this Court.
On June 9, 2008, Dhoot filed a motion to reconsider and another motion to reopen with the BIA. The BIA granted the motion for reconsideration but again denied the motion to reopen as untimely. Specifically, the BIA held that Dhoot’s marriage to a citizen did not qualify as an exception to the 90-day time limitation governing motions to reopen. Dhoot filed á timely petition for review and we consolidated his two petitions.
We have jurisdiction under 8 U.S.C. § 1252. We revifew the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir.2006). Under this standard, we may reverse the BIA’s decision only if it is “arbitrary, irrational, or contrary to law.” Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir.2002). We will uphold the BIA’s factual determinations so long as “they are ‘supported by reasonable, substantial, and probative evidence on the record considered as a whole.’ ” Liu v. Att’y Gen., 555 F.3d 145, 148 (3d Cir.2009) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).
Petitioners are generally required to file a motion to reopen with the BIA “no later than 90 days after the date on which the final administrative decision was rendered.” 8 C.F.R. § 1003.2(c)(2). The deadline does not apply to motions that *388 rely on evidence of “changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(ii). Here, Dhoot did not file the motion to reopen within the 90-day window; therefore, he must show changed country conditions in India in order to excuse the untimeliness.
We agree with the BIA and the Government that Dhoot has failed to show that any change in country conditions in India is material to his asylum application. While the Human Rights Reports detail human rights problems in India, Dhoot failed to show how those generalized conditions affect his likelihood of future persecution. See Shardar v. Att’y Gen., 503 F.3d 308, 316 (3d Cir.2007) (an asylum applicant must make a showing of a particularized threat of persecution). Further, the affidavits Dhoot submitted do not indicate why police might be interested in him or his father, and thus they do not support a well-founded fear of future persecution on a statutorily recognized ground. Finally, with respect to Dhoot’s adjustment of status claim, the regulations do not provide an exception to the 90-day time limit on account of the ability to adjust status. Therefore, the BIA did not abuse its discretion in denying the motion based on Dhoot’s recent marriage to a U.S. citizen.
For the foregoing reasons, we will deny the petition for review.